SQUIRE PATTON BOGGS (US) LLP
Alexander P. Imberg (State Bar # 195157)
*alexander.imberg@squirepb.com*
Knut Woestehoff (State Bar # 281485)
*knut.woestehoff@squirepb.com*
Jaimie L. Buchbinder (State Bar # 303616)
*jaimie.buchbinder@squirepb.com*
550 California Street, Suite 1100
San Francisco, California 94104
Telephone:    +1 415 954 0200
Facsimile:    +1 415 393 9887

Attorneys for Defendant TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deborah Viggiano, | Case No. 26-cv-01573-LJC |
| Plaintiff, | **TESLA, INC.'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL** |
| v. | |
| Tesla, Inc., Does 1-10 | |
| Defendants. | |

TO THE COURT AND PLAINTIFF AND HER ATTORNEYS OF RECORD:

Defendant Tesla, Inc. ("Tesla") on its on behalf and not on behalf of any other person or entity, by and through its attorneys, Squire Patton Boggs (US) LLP, answers Plaintiff Deborah Viggiano's unverified Complaint as follows:

1.      Paragraph 1: Tesla states this paragraph contains legal conclusions to which no response is required.

2.      Paragraph 5(a)(1): Tesla denies that it is a "business organization, form unknown." Tesla is a corporation.

3.      Paragraph 5(a)(2): Tesla admits that it is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas.

4.      Paragraph 6(a): Tesla has insufficient knowledge to admit or deny the allegations.

- 1 -
TESLA, INC.'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL
CASE NO. 26-CV-01573-LJC

5.      Paragraph 6(b): Tesla has insufficient knowledge to admit or deny the allegations.

6.      Paragraph 8(a): Tesla denies that it resides in California.

7.      Paragraph 8(d): Tesla denies that it resides in California.  Its principal place of business is at 1 Tesla Road Austin, TX 78725.  Tesla admits it operates several Tesla sales centers in the State of California.

8.      Paragraph 10(a): Tesla denies the allegations.

9.      Paragraph 10(b): Tesla denies the allegations.

10.     Paragraph 10(d): Tesla denies the allegations.

11.     Paragraph 10(f): Tesla denies the allegations.

12.     Paragraph 11(a): Tesla denies that Plaintiff suffered wage loss as a result of the December 5, 2023 incident.

13.     Paragraph 11(b): Tesla denies that Plaintiff suffered loss of use of property as a result of the December 5, 2023 incident.

14.     Paragraph 11(c): Tesla denies that Plaintiff incurred hospital and medical expenses as a result of the December 5, 2023 incident.

15.     Paragraph 11(d): Tesla denies that Plaintiff suffered general damage as a result of the December 5, 2023 incident.

16.     Paragraph 11(e): Tesla denies that Plaintiff suffered property damage as a result of the December 5, 2023 incident.

17.     Paragraph 11(f): Tesla denies that Plaintiff suffered loss of earning capacity as a result of the December 5, 2023 incident.

18.     Paragraph 14(a)(1): Tesla denies that Plaintiff is entitled to compensatory damages.

19.     Paragraph 14(a)(2): Tesla denies that Plaintiff is entitled to punitive damages.

20.     Paragraph 14(b)(1): Tesla denies that Plaintiff is damaged according to proof.

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

- 2 -

**FIRST CAUSE OF ACTION – *MOTOR VEHICLE NELIGENCE (MV)***

21.     Tesla denies the Motor Vehicle negligence allegations contained in Plaintiff's Complaint.

22.     Tesla admits that a Tesla Model 3 VIN: 5YJ3E1EA3JF031719 was involved in a collision on December 5, 2023, in Napa, California. Tesla otherwise denies all other allegations in "MV-1".

23.     Tesla denies the "MV-2" defect allegations contained in Plaintiff's Complaint. Tesla also denies that it sold and marketed Plaintiff's vehicle "with a conscious disregard for human life."

**SECOND CAUSE OF ACTION – *GENERAL NEGLIGENCE (GN)***

24.     Tesla admits that a Tesla Model 3 VIN: 5YJ3E1EA3JF031719 was involved in a collision on December 5, 2023, in Napa, California. Tesla otherwise denies all other allegations in "GN-1".

25.     Tesla denies the "GN-1" negligence allegations contained in Plaintiff's Complaint. Tesla also denies the allegations regarding Plaintiff's injuries. It further denies that it sold and marketed Plaintiff's vehicle "with a conscious disregard for human life."

**THIRD CAUSE OF ACTION – *PRODUCTS LIABILITY (Prod. L-1 through L-3)***

26.     Tesla admits, based on information and belief, that Debroah Viggiano was driving a 2018 Tesla Model 3 (VIN: 5YJ3E1EA3JF031719) (the "2018 Model 3") on December 5, 2023.

27.     Tesla admits that it sold the 2018 Model 3.

28.     Tesla denies all other allegations in Prod. L-2. Tesla specifically denies the defect allegations in Prod. L-2. It denies, on information and belief, that the 2018 Model 3 was used in a manner intended and/or in a manner that was reasonably foreseeable by Tesla as involving substantial danger not readily apparent. Tesla further denies that adequate warnings were not given.

29.     Tesla has insufficient knowledge to admit or deny the allegations regarding whether Plaintiff was a purchaser of the product as alleged in Prod. L-3.

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

TESLA, INC.'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL
CASE NO. 26-CV-01573-LJC

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

30.     Tesla denies the allegations regarding Plaintiff's injuries.

### *STRICT LIABILITY (Prod. L-4)*

31.     Tesla admits that it designed, manufactured, assembled, and sold the 2018 Model 3.

32.     Tesla denies the strict liability allegations contained in Plaintiff's Complaint.

33.     Tesla denies the allegations regarding Plaintiff's injuries.

### *NEGLIGENCE (Prod. L-5)*

34.     Tesla denies the product liability negligence allegations contained in Plaintiff's Complaint.

### *BREACH OF WARRANTY (Prod. L-6)*

35.     Tesla denies the breach of implied warranty allegations contained in Plaintiff's Complaint.

36.     Tesla denies the breach of express written warranty allegations contained in Plaintiff's Complaint.

### *LIABILITY FOR OTHER REASONS (Prod. L-7)*

37.     Tesla denies the allegations claiming that Tesla is liable for other reasons contained in Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Tesla.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

On information and belief, Plaintiff lacks standing to sue for the incident, injuries, and damages alleged in the Complaint.

TESLA, INC.'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL
CASE NO. 26-CV-01573-LJC

**THIRD AFFIRMATIVE DEFENSE**

(Plaintiff's Own Negligence)

If Plaintiff sustained any loss, injury, or damage, either as alleged in the Complaint or at all, the same were directly and proximately caused and contributed to by the Plaintiff's own negligence in that Plaintiff failed to take proper reasonable measures for the preservation of property and person, and failed to conduct herself in a manner ordinarily expected of reasonably prudent persons in the conduct of her affairs and person. Therefore, Plaintiff's recovery, if any, should be limited to the extent that the damages are attributable to Plaintiff's own negligence.

**FOURTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

On information and belief, at the time and place of the incident alleged in Plaintiff's Complaint, Plaintiff knew of the danger and risk inherent to her undertaking, but despite such knowledge, Plaintiff freely and voluntarily assumed and exposed herself to all risks of harm and the consequential injuries and damages, if any, therefrom.  Therefore, Plaintiff's recoveries, if any, should be limited accordingly.

**FIFTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

On information and belief, the incident, injuries and damages alleged in the Complaint were caused by negligent acts and/or omissions by persons and/or entities not under the authority or control of Tesla. Accordingly, the liability of all responsible persons and entities should be apportioned according to the relative degrees of fault, and the liability of Tesla, if any, should be reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

On information and belief, Plaintiff is barred from recovery because Tesla's conduct, as alleged in Plaintiff's Complaint, is neither a but-for nor a proximate cause of the injuries and damages Plaintiff alleges.

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

- 5 -

**SEVENTH AFFIRMATIVE DEFENSE**

(Superseding Cause)

On information and belief, if Plaintiff sustained any loss, injury, or damage, either as alleged in the Complaint, or at all, the same were directly and proximately caused and contributed to by the negligence or fault, active and passive, of other persons or entities, and that said negligence was an intervening and superseding cause of Plaintiff's losses, if any.  To the extent Plaintiff's losses, injuries, or damages, if any, are the result of unforeseeable events and/or intervening acts of persons or entities over whom Tesla had no control, recovery against Telsa is barred in whole or in part.

**EIGHTH AFFIRMATIVE DEFENSE**

(Percentage Fault Reduction)

If Tesla is responsible for damages to Plaintiff, which it expressly denies, then Tesla shall be liable to Plaintiff only for the amount of non-economic damages allocated to Tesla in direct proportion to Telsa's percentage of fault.

**NINTH AFFIRMATIVE DEFENSE**

(Product Misuse)

On information and belief, at all times alleged in the Complaint, the 2018 Model 3 and its component parts were not being used in an intended and/or reasonably foreseeable manner, and that such misuse proximately caused and/or contributed to the incident, injuries, and damages alleged in the Complaint, if any.

**TENTH AFFIRMATIVE DEFENSE**

(Product Modification)

If any dangerous or defective condition existed in the 2018 Model 3, said condition was caused and created by unauthorized changes and alterations made to the 2018 Model 3 subsequent to the time of manufacture, distribution, and sale, and done by persons other than Tesla, or any of its agents, servants and employees, and not reasonably foreseeable for Tesla then Plaintiff's recovery against Tesla is barred.

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

- 6 -

**ELEVENTH AFFIRMATIVE DEFENSE**

(Abuse or Lack of Proper Maintenance)

If, in fact, any dangerous or defective condition existed in the 2018 Model 3, said condition was caused and created by lack of maintenance, improper maintenance, damage and/or abuse occurring subsequent to the time of sale, and while the 2018 Model 3 was not in the custody or control of Tesla, and that such risks and dangers were entirely unknown to Tesla, thus barring Plaintiff's recovery against Tesla.

**TWELFTH AFFIRMATIVE DEFENSE**

(Accordance with Industry Standards)

The 2018 Model 3 was manufactured in accordance with all applicable industry standards and was sold and distributed in compliance with such standards.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Compliance with Safety Standards)

The 2018 Model 3 met or exceeded all applicable safety standards and met industry customs and practice at the time it was designed and manufactured.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Compliance with Law)

On information and belief, Plaintiff is barred from obtaining any recovery on the allegations in her Complaint because Tesla abided by all applicable laws, regulations, and statutes in connection with all actions at all times relevant to Plaintiff's claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(State-of-the-Art)

On information and belief, the 2018 Model 3 conformed in all respects with the state-of-the-art at the time of its production, sale, and distribution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Preemption/Primary Jurisdiction)

Plaintiff's claims are preempted in whole or in part by the Federal Motor Vehicle Safety

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

TESLA, INC.'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL
CASE NO. 26-CV-01573-LJC

Standards promulgated under the National Traffic and Motor Vehicle Safety Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Benefits Outweighed Risks)

On information and belief, the damages and injuries alleged in Plaintiff's Complaint were legally and proximately caused by, and arose out of, risks that were outweighed by the benefits of the 2018 Model 3's design.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Third-Person Failure to Warn)

If Plaintiff sustained any loss, injury, or damage and such loss, injury, or damage was proximately caused by a failure to provide a warning, such failure or omission was on the part of persons and entities other than Tesla, and said failure or omission was entirely unknown to Tesla, thus barring Plaintiff's recovery against Tesla.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

To the extent Plaintiff failed, refused, or neglected to make reasonable efforts or expenditures to mitigate her alleged damages, if any, Plaintiff's recovery herein, if any, is barred or limited.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Spoliation)

On information and belief, Plaintiff or individuals or entities over whom Tesla had no control failed to preserve the 2018 Model 3 and/or its component(s) at issue in their immediate post-incident condition, thereby rendering it impossible for Tesla to respond to the liability allegations of the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Warranty & No Privity)

On information and belief, Tesla gave no warranties, either express or implied, to Plaintiff, and neither Plaintiff nor anyone else ever notified Tesla of any claim of breach of

TESLA, INC.'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL
CASE NO. 26-CV-01573-LJC

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

warranty resulting in Plaintiff's alleged injuries. No privity of contract exists between Plaintiff and Tesla.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Merchantable Quality)

On information and belief, the 2018 Model 3 was of merchantable quality; that is, it was fit for purpose and free from defects.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Double Recovery)

On information and belief, Plaintiff may not recover damages that are duplicative of damages sought for another claim and would result in Plaintiff recovering twice for the same loss.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

On information and belief, each cause of action in Plaintiff's Complaint is barred by the applicable statute of limitations thereby depriving this court of jurisdiction and/or barring recovery of damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver, Laches, Estoppel)

On information and belief, the Complaint is barred because of Plaintiff's negligent or improper conduct, acts, and omissions by the doctrine of waiver. For the same reasons, the Complaint is barred by the doctrine of laches. For the same reasons, Plaintiff is estopped from claiming the damages alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

On information and belief, the Complaint is barred by the doctrine of unclean hands.

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

- 9 -

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Interest, Costs, and Fees Not Recoverable)

On information and belief, pre-judgement interest, costs of suit, and attorney's fees are not recoverable for Plaintiff's claims by statute or otherwise.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

Tesla, Inc. is informed and believes, and on that basis alleges that punitive damages are not warranted under applicable law, and if imposed in this matter would deprive Tesla of its property without due process of law under the California State Constitution and the United States Constitution. Further, the imposition of punitive damages in this matter would violate Tesla's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, section 17 of the California State Constitution

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts to Support Punitive Damages)

Tesla is informed and believes, and on that basis alleges that neither Plaintiff's Complaint nor any purported cause of action alleged therein state facts sufficient to entitle Plaintiff to an award of punitive damages against Tesla, Inc

## RESERVATION OF DEFENSES

Tesla has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available, and therefore reserves the right to seek leave to amend this answer to assert such additional defenses in the event discovery, investigation, or analysis indicates a basis to assert any other affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Tesla, Inc. prays for judgment and relief as follows:

1.  That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice;

- 10 -

TESLA, INC.'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL
CASE NO. 26-CV-01573-LJC

2. That the Court enter judgment in favor of Defendant Tesla, Inc. and against Plaintiff;

3. For costs of suit incurred herein including attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed R. Civ. P. 38(b), Defendant Tesla, Inc. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

Dated: March 2, 2026

Respectfully Submitted,

Squire Patton Boggs (US) LLP

By: _____

Alexander P. Imberg
(State Bar # 195157)
Knut Woestehoff
(State Bar # 281485)
Jaimie L. Buchbinder
(State Bar # 303616)

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104
Telephone: 415-954-0200
*alexander.imberg@squirepb.com*
*knut.woestehoff@squirepb.com*
*jaimie.buchbinder@squirepb.com*
Attorneys for Defendant TESLA, INC.

SQUIRE PATTON BOGGS (US) LLP
550 California Street, Suite 1100
San Francisco, California 94104

TESLA, INC.'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL
CASE NO. 26-CV-01573-LJC

1106786617\1\AMERICAS